# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JIDONG PEI,** 5 Rutgers St. Chatham, NJ 07928<br><br>Plaintiff,<br><br>    vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>**111 Massachusetts Ave., NW**<br>**MS 2260**<br>**Washington, DC 20529-2260**<br>Defendant | Case No.:<br><br>COMPLAINT |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the United States Citizenship and Immigration Services (USCIS) to immediately produce all documents in the agency's possession relating to Jidong Pei.

## PARTIES

2. Jidong Pei is a citizen and nation of the People's Republic of China currently temporarily present 5 Rutgers St. Chatham, NJ 07928

3. The United States Citizenship and Immigration Services is an agency of the United States, residing in the District of Columbia, and has possession of and control of numerous documents pertaining to Jidong Pei,

4. The USCIS is an agency within the meaning of 5 USC § 552(f).

## JURISDICTION

5. Since this is a civil action arising under the Freedom of Information Act, 5 U.S.C. § 552, a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## BRIEF STATEMENT OF PERTINENT FACTS

6. On July 29, 2017, plaintiff Jidong Pei, through his attorney, filed a request

under the Freedom of Information Act to the USCIS by submitting an email to <uscis.foia@uscis.dhs.gov>. A copy of that email and form DOJ 361 filed by Pei upon his own behalf and as the representative of Gingo Tree, Inc. are attached hereto as Exhibit A and Exhibit B, respectively.

,

7. As of the date of the filing of this complaint USCIS had not determined whether to comply with such request nor has it notified plaintiff of such determination and the reasons therefor, and of the right of the plaintiff to appeal to the head of the agency any adverse determination.

## STATEMENT OF RELEVANT LAW

8. 5 U.S.C. § 552(a)(3)(A) provides that:

   Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

9. 5 U.S.C. § 552(a)(6) provides in relevant part that "each agency, upon any

request for records made under paragraph (1), (2), or (3) of this subsection, shall--

10. determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

11. 5 U.S.C. § 552(a)(4)(B) provides in relevant part that

    On complaint, the district court of the United States in the district in which the complainant resides, or has her principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

## CAUSE OF ACTION

12. The United States Citizenship and Immigration Services, despite receiving the aforementioned request from Jidong Pei which reasonably described such records and was made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, has failed to determine

whether to make those records available to him and notify him of that determination within the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

13. Accordingly, Jidong Pei has exhausted his administrative remedies with respect to such request.

14. The United States Citizenship and Immigration Services has improperly withheld from Jidong Pei the documents identified in that request. Therefore, this Court should enjoin the United States Citizenship and Immigration Services from withholding from Jidong Pei all documents in the agency's possession relating to Jidong Pei.

Respectfully Submitted this 21th   day of December 2017

                              s/Michael E. Piston
                              Michael E Piston
                              Attorney for Plaintiff
                              225 Broadway, Ste 307
                              New York, NY 10007
                              Ph: 646-845-9895
                              Fax: 206-770-6350
                              michaelpiston4@gmail.com